UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO: 9:18-cv-80982-DMM/DLB

FUEL AVENUE, INC., )
A State of Florida Corporation, )
 )
      Plaintiff, )
 )
v. )
 )
NATIONAL BROKERS OF AMERICA, INC. )
A State of Ohio Corporation and a )
Foreign Registered Pennsylvania Corporation, )
 )
      Defendant, )
 )
ALL WEB LEADS, INC., a Delaware )
Corporation, )
 )
Applicant for Defendant Intervention )

_____/

**RESPONSE MOTION AND MEMORANDUM OF LAW IN OPPOSITION OF MOTION TO INTERVENE FILED BY ALL WEB LEADS, INC**

     COMES NOW, the Plaintiff, FUEL AVENUE, INC., ("Plaintiff" or "FUEL"), by and through its undersigned attorney, files this, Motion in Opposition to the Motion to Intervene [D.E. 7] filed by Applicant for Defendant Intervention and current non-party All Web Lead's, Inc., ("AWL") and respectfully requests this Court deny AWL's Motion as AWL has no interest in the subject contract upon which the causes of action are based upon in this Case and further any defense it may have or may purport to have within the parameters of this case can be adequately presented by NATIONAL in the trial for damages in this matter.

1. On or about July 25, 2018 FUEL caused to be filed with this Court its Complaint against National Brokers of America, Inc., a State of Ohio Corporation and a Foreign Registered Pennsylvania Corporation, (hereinafter "Defendant" or "NATIONAL"), seeking remedies of injunctive relief, breach of contract and a determination by declaration regarding a liquidated damages provision of the underlying contact between FUEL and NATIONAL due to the breach of the confidentiality provisions of same by NATIONAL.

2. As of the date of the filing of this Response in Opposition, no response to the Complaint has been filed by NATIONAL, no extension of time has been filed or requested by NATIONAL and therefore an Application for a Clerk's Default was filed on August 30, 2018 [D.E. 9] the same granted on August 31, 2018 [D.E. 10].

3. AWL seeks to intervene in this action based on the specific contentions that the subject Insertion Order Contract to which AWL is not a party is "illegal" and further that the seeking of the enforcement of the confidentiality provisions thereof and the seeking of relief related to the breach thereof is somehow violative of this Court's Injunction as entered by the Court in Case No. 9:18-cv-80571-DMM [D.E. 35].

**FACTUAL BACKGROUND**

4. FUEL was engaged in the business of providing lead generation services to the healthcare insurance industry and customers in said industry around the country. Said lead generation services is related to the business of providing leads for telemarketing of products of insurance in the health insurance industry.

5. NATIONAL was and is engaged in the business of providing insurance brokerage services offering health insurance, life insurance, critical illness insurance, dental

**K/S Attorneys at Law**
4800 N. Federal Hwy., Ste. 103B, Boca Raton, Florida 33431
Telephone: (561) 939-8042 · Fax (561) 750-5083

2 | P a g e

coverage, and accidental coverage. NATIONAL sells insurance to the general public on a direct marketing basis over the telephone.

6. NATIONAL authorized Ms. Stephanie F. Miller to execute the Insertion Order Agreement for NATIONAL with FUEL. *See* Insertion Order Agreement attached to the Complaint as Exhibit "A" [D.E. 1].

7. On May 2, 2018 AWL caused to be filed a Complaint against FUEL, Case No. 9:18-cv-80571-DMM, and alleges the principals of FUEL entered into a non-compete agreement which was breach by using leads sourced from AWL to sell the same to FUEL's customers.

8. A detailed explanation of the contract between FUEL and NATIONAL and the latter's specific breach of confidentiality sought to be enjoined and damages therefor to be redress for the alleged breach is set forth in detail in the Complaint for Damages as filed in this case. [D.E. 1].

## **MEMORANDUM OF LAW**

This Court should deny the Motion to Intervene filed by AWL as AWL has not established any significantly protectable interests that will be impaired by the disposition of this action and is therefore not entitled to intervene as of right pursuant to Federal Rule of Civil Procedure 24(a). Further, AWL has failed to overcome the presumption of adequate representation by Federal Defendants. For similar reasons, and to ensure the efficient and fair resolution of FUEL's claims and any defenses to such claim NATIONAL may wish to present at the trial on damages of this matter, this Court should not permissively allow AWL to intervene pursuant to Federal Rule of Civil Procedure 24(b). At the outset, AWL has mischaracterize the Complaint in this Case, asserting the claims for relief are focused upon, and pursuant to its unsubstantiated allegations, of

**K/S Attorneys at Law**
4800 N. Federal Hwy., Ste. 103B, Boca Raton, Florida 33431
Telephone: (561) 939-8042 · Fax (561) 750-5083

3 | P a g e

an "illegal" contract, to which AWL is not a party and of which the enforcement of the provisions thereof in favor of FUEL and against NATIONAL will neither affected nor imperial any identifiable interest of AWL, including but not limited to the unbelievable "red herring" of an asserted interest of AWL that the suit for enforcement of contractual rights by FUEL against NATIONAL in this matter is an attempt by FUEL to engage in witness tampering.

## I. AWL SHOULD NOT BE PERMITTED TO INTERVENE AS OF RIGHT.

Federal Rule of Civil Procedure 24(a)(2) provides that a court is to permit intervention on a timely Motion by anyone: (1) who "claims an interest relating to the property or transaction that is the subject of the action," and (2) whose interest may be "impair[ed] or impede[d]" by disposition of the action, "unless existing parties adequately represent that interest." Moreover, Rule 24(a)(2) is to be "broadly construed in favor of a potential intervenor who must be permitted to intervene when: "1) the application was timely filed; 2) the applicant possesses a substantial legal interest in the case; 3) the applicant's ability to protect its interest will be impaired without intervention; and 4) the existing parties will not adequately represent the applicant's interest." *Ohio State Conference of NAACP v. Husted*, 588 F. App'x 488, 490 (6th Cir. 2014) (citation omitted); *Grutter v. Bollinger*, 188 F.3d 394, 397-98 (6th Cir. 1999).

However, notwithstanding the broad aspect of the Federal Rule permitting intervention by an applicant when all of foregoing elements are met, such broad aspect is not without limitation and is to be tempered and deterred and not viewed as an absolute right as AWL would have this Court believe.  "[C]ourts have broad authority to limit the ability of intervening parties to expand the scope of a proceeding beyond the issues litigated by the original parties." *Johnson v. Bd. of Regents of the Univ. of Ga.*, 263 F.3d 1234, 1269 (11th Cir. 2001) (citing *Vinson v. Washington*

**K/S Attorneys at Law**
4800 N. Federal Hwy., Ste. 103B, Boca Raton, Florida 33431
Telephone: (561) 939-8042 · Fax (561) 750-5083

4 | P a g e

*Gas Light Co.*, 321 U.S. 489, 498 (1944) (noting the "usual procedural rule" that "an intervenor is admitted to the proceedings as it stands, and in respect of the pending issues, but is not permitted to enlarge those issues or compel an alteration of the nature of the proceeding").

In this Case the applicant, AWL does not, despite its contentions to the contrary, meet each of the requirements for intervention as of right.

a. "**Timely Filed**":  The timeliness of an application for intervention is evaluated "in the context of all relevant circumstances," including: (1) the point to which the suit has progressed; (2) the purpose for which intervention is sought; (3) the length of time preceding the application during which the proposed intervenors knew or should have known of their interest in the case; (4) the prejudice to the original parties due to the proposed intervenors' failure to promptly intervene after they knew or reasonably should have known of their interest in the case; and (5) the existence of unusual circumstances militating against or in favor of intervention. *Jansen v. City of Cincinnati*, 904 F.2d 336, 340 (6th Cir. 1990); *United States v. City of Detroit*, 712 F.3d 925, 930-31 (6th Cir. 2013).

AWL in the Motion to Intervene does not specify what interest it may have in this Case and what activities it seeks to undertake in this Case which it would not be permitted by intervention to conduct and present in Case No. 9:18-cv-80571-DMM. AWL's Motion to Intervene, if granted, would impermissibly permit AWL to raise and argue new issues in this Case by presenting the issues as raised in Case No. 9:18-cv-80571-DMM as if such issues apply to the Parties in this Case. Interveners are not permitted to raise new issues not raised by the Defendants, including challenges to the sufficiency of the pleadings, the propriety of the procedures, or dismissal or delay absent the court's permission. *See Riviera Club v. Belle Mead Dev. Corp.*, 194

**K/S Attorneys at Law**
4800 N. Federal Hwy., Ste. 103B, Boca Raton, Florida 33431
Telephone: (561) 939-8042 · Fax (561) 750-5083

5 | P a g e

So. 783, 784 (Fla. 1939) (quoting 21 C.J. 343); *Krouse v. Palmer*, 179 So. 762, 763 (Fla. 1938). The Motion to Intervene reveals that AWL intends to raise several issues that are beyond the scope of this Case and NATIONAL has yet to challenge the sufficiency of the Complaint, the propriety of the procedures or the dismissal or delay absent the Court's permission in this Case. Finally, to allow AWL to intervene at this stage of the Case now before the Court, when NATIONAL has not responded to the Complaint will give AWL impermissible and highly prejudicial opportunity to place issues presently not before the Court as framed by the pleadings to the potential detriment and prejudice of both FUEL and NATIONAL in this Case.

Respectfully, AWL's Motion to Intervene is not timely filed and is by the mere filing of the same in this Case highly prejudicial to the Parties of this Case as it presents allegations and defenses not within the four corners of the pleadings by AWL's seeking to add of new issues in this Case as clearly seen by the plain language of its Motion to Intervene and evidenced by AWL's proposed Answer in Intervention [D.E. 7-1] which AWL proposes to have filed in this Case.

b. **"AWL has no interest in the Property or Transaction"**:

A movant "demonstrate[s] a sufficient interest for intervention of right . . . if 'it will suffer a practical impairment of its interests as a result of the pending litigation.'" *Wilderness Soc'y v. U.S. Forest Serv.*, 630 F.3d 1173, 1177 (9th Cir. 2011) (quoting *California ex rel. Lockyer v. United States*, 450 F.3d 436, 441 (9th Cir. 2006). An interest that is contingent upon the occurrence of a train of subsequent events will not support intervention. *Wash. Elec. Coop., Inc. v. Mass. Mun. Wholesale Elec. Co.*, 922 F.2d 92, 97 (2d Cir. 1990). AWL by it own admission in its Motion to Intervene bases its interest not upon any property or the transaction upon which this case is based upon, but rather AWL alleges interest in this Case is to prevent FUEL from bullying and

K/S Attorneys at Law
4800 N. Federal Hwy., Ste. 103B, Boca Raton, Florida 33431
Telephone: (561) 939-8042 · Fax (561) 750-5083

6 | P a g e

intimidating NATIONAL due to NATIONAL acting as witness for AWL in the unrelated Case No. 9:18-cv-80571-DMM. AWL provides no support for its baseless allegations of witnesses intimidation. As AWL has failed to claim an interest in any property or transaction in its Motion to Intervene, AWL Motion to Intervene as of right and in accordance with Rule 24(a) should be denied.

In the event the Court may consider AWL's argument of an interest based upon either the injunction entered in Case No. 9:18-cv-80571-DMM, (a clear reading of which does not prevent FUEL from seeking enforcement of *prior* contractual rights), or upon its as yet to be adjudicated claims of violations of a non-compete and misappropriation of sales leads in Case No. 9:18-cv-80571-DMM, AWL would have this Court determine and decide its mere allegations in Case No. 9:18-cv-80571-DMM as if the same were already found to be true and applied to the Parties in this Case. NATIONAL signed an agreement with FUEL not AWL. NATIONAL was a client of FUEL and NATIONAL agreed to keep FUEL's information, including its pricing structure confidential. AWL would have this Court believe that it has an interest in the agreement between NATIONAL and FUEL, the enforcement of the confidentiality terms of which is the subject of this action because it is "illegal" and thus incapable of enforcement. There is no finding of such by this Court in this Case or any other case now or previously pending before this Court that the agreement by and between FUEL and NATIONAL is "illegal" thus preventing its enforcement. At best, AWL has a doubtful claim based upon a breach of an alleged different contract and a dubious claim for damages, which it now seeks bring into this action. AWL, as non-party, has no interest in the agreement subject to this action and the remedies sought in this action are not related to the requested relief in Case No. 9:18-cv-80571-DMM in that the remedies in this action are for the

**K/S Attorneys at Law**
4800 N. Federal Hwy., Ste. 103B, Boca Raton, Florida 33431
Telephone: (561) 939-8042 · Fax (561) 750-5083

7 | P a g e

enforcement of contractual provision related to claims related to the dissemination of confidential and proprietary information of FUEL by NATIONAL and *not* related to the leads allegedly to have been sourced from AWL or the payment therefore as clearly set forth and alleged in AWL's Complaint in Case No. 9:18-cv-80571-DMM.

      c.    **Impediment or Impairment**.

The denial of AWL's Motion to Intervene as of right will in no way impede or impair its prosecution of its claims in Case No. 9:18-cv-80571-DMM as the claims and relief prayed for therein are completely and wholly unrelated to the claims and relief prayed for by FUEL in this Case. Again, AWL does not cite or present an interest in the property or transaction which is the subject of this action. However, even were this Court to find AWL should hold such an interest, its ability to protect such interest will not be impeded or impaired by the disposition of this Case. AWL's case in Case No. 9:18-cv-80571-DMM is based upon alleged violations of a non-compete and misappropriation of sales leads. Wherein FUEL's case against National involves National's alleged violation of a confidentiality provision by the sharing of its confidential information in violation of an agreement not to do so. Such a link is too tenuous, speculative, and indirect to give AWL the ability to intervene as of right. This tenuousness is exemplified by AWL's inability to state the specific property interest that would be harmed by this action or the specific amounts of any injury and the relief in this Case. Additionally, the injunctive, breach and declaratory relief sought by FUEL in this Case against National is directed solely to National and will not directly impact any interest of AWL. Moreover, in order to intervene as of right, AWL must show the required impairment is present by establishing the pending action could result in factual or legal determinations that would have a stare decisis effect on the intervenor's interest or available

**K/S Attorneys at Law**
4800 N. Federal Hwy., Ste. 103B, Boca Raton, Florida 33431
Telephone: (561) 939-8042 · Fax (561) 750-5083

8 | P a g e

remedies in other litigation. *United States v. Oregon*, 839 F.2d 635, 638-39 (9th Cir. 1988); *Greene v. United States*, 996 F.2d 973, 977-78 (9th Cir. 1993). This it has not done in its Motion to Intervene. Statements made in the Motion to Intervene about AWL's "fears" [See D.E. 7, pg. 5] or "[t]he disposition of this case could result" [See D.E. 7, pg 5] in National being intimidated or somehow tampered with do not amount to stare decisis of any effect in this Case or in Case No. 9:18-cv-80571-DMM. Even if such were tenuously possible, any protectible interest of AWL in Case No. 9:18-cv-80571-DMM will not be impaired as a result of a stare decisis effect on future litigation by the relief prayed for in this Case by FUEL against National because AWL does not have an interest in this Case, its interest cannot be impaired.

      d.    **<u>AWL's Interests Will be Adequately Represented by National</u>**.

Although AWL has failed to present evidence of any protectable interest that would entitle it to intervene as of right, any purported interests would be adequately represented by National in its defense of this Case. Without litigating this Case and the causes of action contained herein National would presumable have all of the defenses that AWL may have were it permitted to intervene. In *Citizens for Balanced Use v. Montana Wilderness Ass'n*, 647 F.3d 893, 898 (9th Cir. 2011) the Ninth Circuit has articulated three factors that must be examined when deciding whether a defendant adequately represents the interests of a proposed intervenor: (1) whether the interest of a present party is such that it will undoubtedly make all of a proposed intervenor's arguments; (2) whether the present party is capable and willing to make such arguments; and (3) whether a proposed intervenor would offer any necessary elements to the proceeding that other parties would neglect. *Citizens for Balanced Use*, 647 F.3d at 898 (quoting *Arakaki v. Cavetano*, 324 F.3d 1078, 1086 (9th Cir. 2003)). Furthermore, "[i]f an applicant for intervention and an existing party share

**K/S Attorneys at Law**
4800 N. Federal Hwy., Ste. 103B, Boca Raton, Florida 33431
Telephone: (561) 939-8042 · Fax (561) 750-5083

9 | P a g e

the same ultimate objective, a presumption of adequacy of representation arises." *Citizens for Balanced Use*, 647 F.3d at 898. Here, National certainly can raise any defenses it may have equally as AWL at the trial for damages. Furthermore, allowing AWL to argue the same legal issues only complicates this litigation and diminishes the ability of this Court to efficiently and effectively resolve the issues presented by this action. AWL has not made a compelling showing or any showing to overcome the presumption that NATIONAL does not adequately represent proposed interests. Consequently, this Court should not grant intervenor status as a matter of right to AWL.

    II.    **AWL is Not Entitled to Permissive Intervention**.

AWL should not be granted permissive intervention pursuant to Fed. R. Civ. P. 24(b). Rule 24(b) provides in relevant part: "[o]n timely motion, the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b). In its Motion to Intervene, AWL states as grounds for the consideration of common facts or questions of law with this case is that FUEL is "seeking to interfere with one of AWL's existing customers." What AWL would have this Court ignore is that National, signed an agreement with FUEL not to share FUEL's confidential information with anyone, including AWL. AWL's allegations in Case No. 9:18-cv-80571-DMM and the injunction entered on May 25, 2018, have nothing to do with National's violation of the confidentiality clause of the contract with FUEL. Non-Competition and confidentiality are two separate and distinct areas of law rooted in contract dealing with different facts and factual evidence. AWL's position that the same are common issues of law and fact is nonsensical to borderline preposterous by any stretch of logic or farcical imagination.

    III.    **CONCLUSION**.

**K/S Attorneys at Law**
4800 N. Federal Hwy., Ste. 103B, Boca Raton, Florida 33431
Telephone: (561) 939-8042 · Fax (561) 750-5083

**WHEREFORE**, Plaintiff, FUEL respectfully requests that this Court enter an Order denying AWL's Motion to Intervene, prohibit AWL for intervening in this Case, strike the proposed Answer filed (D.E. 7-1) and awarding FUEL such other relief as this Court just and proper.

Dated:  September 4, 2018.

                              Respectfully submitted,

                              K/S Attorneys at Law

                               _/s/ Tina El Fadel_____
                              Tina El Fadel, Esquire
                              Florida Bar # 0091039
                              Attorneys for Plaintiff
                              4800 N. Federal Highway Suite B 103
                              Boca Raton, FL 33431
                              PH: (561) 939-8042 Fax: (561) 750-5083
                              tina.elfadel@ks-law.com
                              eservice@ks-law.com

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on September 4, 2018, I electronically filed the forging with the Clerk of the Court using the CM/ECF system which will send a notice of electronic filing to all counsel or parties of record in this action, including those on the Service List. I also certify that the foregoing document is being served this day on the Defendant(s) identified on the below Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                              *s/ Tina El Fadel*_____
                              Tina El Fadel, Esquire

**K/S Attorneys at Law**
4800 N. Federal Hwy., Ste. 103B, Boca Raton, Florida 33431
Telephone: (561) 939-8042 · Fax (561) 750-5083

**SERVICE LIST**

**CASE NUMBER: 9:18-80982-Civ-Middlebrooks/Brannon**

National Brokers of America, Inc.,
c/o Northwest Registered Agent Service, Inc.,
6545 Market Avenue North
North Canton, OH 44721
*Via U.S. Mail*

All Web Leads, Inc., *Applicant for Defendant Intervention*
Andrea Leslie Bos, Esq.,
ASSOULINE & BERLOWE, P.A.
Miami Tower
100 SE 2nd Street, Suite 3105
Miami, Florida 33131

K/S Attorneys at Law
4800 N. Federal Hwy., Ste. 103B, Boca Raton, Florida 33431
Telephone: (561) 939-8042 · Fax (561) 750-5083

12 | P a g e